United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41387
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO HERNANDEZ-ARREDONDO,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-273-ALL

---

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Alberto Hernandez-Arredondo appeals his guilty-plea conviction and sentence for illegal reentry into the United States by a previously deported alien in violation of 8 U.S.C. § 1326(a) and (b). He argues that the district court erred in imposing a sentence pursuant to the mandatory United States Sentencing Guidelines, which were invalidated in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). He argues that this error is structural and not subject to harmless-error analysis. We have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rejected the argument that this error is structural. United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

The Government concedes that Hernandez-Arredondo's objection pursuant to Blakely v. Washington, 542 U.S. 296 (2004), was sufficient to preserve this argument for appeal. Therefore, we review his sentence for harmless error. See United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Under that standard, the sentence will be vacated and remanded unless the Government proves beyond a reasonable doubt that the error was harmless--i.e., that it did not affect the sentence Hernandez-Arredondo received. See United States v. Walters, 418 F.3d 461, 463-65 (5th Cir. 2005).

The Government argues that the error was harmless because the district court considered the Guidelines, the factors in 18 U.S.C. § 3553(a), and FED. R. CRIM. P. 32(d). The Government also argues that the 57-month sentence was reasonable in light of the section 3553(a) factors and was well below the 20-year statutory maximum sentence.

The Government's contentions are insufficient to satisfy its burden of demonstrating that the district court, operating under an advisory Guidelines scheme, would have imposed the same sentence. The Government's assertions, without more, shed no light on how the district court would have acted had it known that the Guidelines

were merely advisory. Accordingly, Hernandez-Arredondo's sentence is vacated, and the case is remanded for resentencing.

Hernandez-Arredondo also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional. His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Hernandez-Arredondo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Hernandez-Arredondo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Hernandez-Arredondo's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.